UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X
SAMUEL GOLDSTEIN & CO., P.C., and
STUART GOLDSTEIN,
                 Appellants,                          05-CV-789 (SJF) (Consol.)

      -against-                          **OPINION & ORDER**
                                                                            On Interlocutory Appeal
ALAN NISSELSON, ESQ., as Chapter 7 Co-Trustee of
MONAHAN FORD CORPORATION OF FLUSHING,
                 Appellee.
----------------------------------------X


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re
MONAHAN FORD CORPORATION OF FLUSHING,        Chapter 7 Case
                 Debtor.                                       102-23134
                                                                      (Carla E. Craig, B.J.)
----------------------------------------X

ALAN NISSELSON, ESQ., as Chapter 7 Co-Trustee of
MONAHAN FORD CORPORATION OF FLUSHING,
                 Plaintiff,                      Adv. Pro. No. 04-01500
                                                              (Carla E. Craig, B.J.)
      -against-

FORD MOTOR COMPANY, FORD MOTOR CREDIT
COMPANY, GEORGE PAPANTONIOU, a/k/a
GEORGE PAPPAS, KAY PAPANTONIOU, GADI
BEN-HAMO, NATIONAL STAR EXECUTIVE SALES,
LLC, JOSSEF KAHLON, SAMUEL GOLDSTEIN & CO.,
P.C., STUART GOLDSTEIN, and STEVE LEON,
                 Defendants.
----------------------------------------X

**FEUERSTEIN, J.**

1

I.  Introduction

Defendants-Appellants Samuel Goldstein & Co., P.C., and Stuart Goldstein ("Appellants") seek leave to appeal the interlocutory April 11, 2006 Order of United States Bankruptcy Judge Carla E. Craig denying Appellants' motion to dismiss for lack of standing pursuant to Federal Rules of Bankruptcy Procedure 8003 and 29 U.S.C. § 158(a). The opposition of Plaintiff-Appellee Alan Nisselson, Esq., as Chapter 7 Co-Trustee of Debtor Monahan Ford Corporation of Flushing, ("Co-Trustee"),contends that Appellants "fail to satisfy the necessary criteria justifying the rare award of leave to appeal from an interlocutory order." (Co-Trustee's Mem. Law in Opp'n at 2.) For the reasons stated below, Appellants' motion for leave to appeal is DENIED.

II.  Background

In a previous Opinion & Order denying Ford Motor Credit Company's and Ford Motor Company's withdrawal motion,[1] this Court stated:

> Prior to October 17, 2002, Monahan Ford Corporation of Flushing (Monahan Ford or debtor) owned and operated an automobile dealership in Queens, New York. On October 17, 2002, debtor commenced the Monohan Ford case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. On February 14, 2003, the Monahan Ford case was converted to one under Chapter 7 of the United States Bankruptcy Code. On February 18, 2003, Richard J. McCord, Esq. (Trustee McCord) was appointed trustee of the bankruptcy estate.
>
> * * *

---

[1] Appellants joined in Ford Motor Credit Company's and Ford Motor Company's withdrawal motion.

> On July 29, 2004, the bankruptcy court ordered the appointment of a co-trustee to handle all matters dealing with the National Star defendants. On August 2, 2004, Alan Nisselson, Esq. (Nisselson) was appointed co-trustee in accordance with that order. On October 14, 2004, the bankruptcy court expanded Nisselson's role as co-trustee to include, inter alia, commencement of an adversary proceeding.
>
> On October 16, 2004, Nisselson filed the initial complaint in the adversary proceeding against Ford, FMCC, George Papantoniou, Kay Papantoniou, the National Star defendants, the Goldstein defendants, and Steve Leon (collectively defendants), in the bankruptcy court. On October 18, 2004, Nisselson filed an amended complaint in the adversary proceeding alleging, inter alia, that Ford, as the franchisor of debtor, together with the other defendants named therein, "engaged in fraud and conspiracy to commit fraud * * * in order to artificially prolong the life of [debtor], which they knew to be at or in the zone of insolvency, so that each * * * could * * * exploit [debtor] to serve their own interests."
>
> * * *
>
> The National Star defendants have filed an answer to the amended complaint and a jury demand in the adversary proceeding. FMCC, Ford and the Goldstein defendants have only filed motions to dismiss the adversary proceeding in the bankruptcy court.

(Nisselson v. Ford Motor Company et al., 05-CV-0789 (SJF)(RML) (Consl.), Op. & Order (E.D.N.Y. Sept. 30, 2005) (doc. #11).)

In the motion to dismiss, Appellants argued that the Co-Trustee failed to state a claim upon which relief could be granted, failed to plead fraud with particularity, and lacked standing to bring suit under the rule articulated in Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114 (2d Cir. 1991). See Nisselson v. Ford Motor Company et al. (In re Monahan Ford Corp. of Flushing), 340 B.R. 1, 16, 22 (Bankr. E.D.N.Y. 2006) (hereinafter "In re Monahan Ford"). The

bankruptcy court found that the Wagoner rule[2] did not apply at the pleadings stage, but that even if it did, "the allegations of the complaint are sufficient to invoke the adverse interest exception." Id. at 24. Moreover, the bankruptcy court rejected Appellants' argument that the sole actor rule, which is the exception to the adverse interest exception, was inapplicable "at least on a motion to dismiss." Id. Ultimately, the bankruptcy court granted in part and denied in part Appellants' motion to dismiss, specifically ruling:

> (3) Goldstein and Goldstein & Co.'s motion to dismiss the fraud, deepening insolvency and breach of fiduciary duty claims against them are denied; (4) Goldstein and Goldstein & Co.'s motions to dismiss the aiding and abetting fraud, conspiracy to commit fraud and aiding and abetting breach of fiduciary duty claims against them are granted; * * * (6) . . . Goldstein and Goldstein & Co.'s motion to dismiss the punitive damages claim is granted . . . .

Id. at 16. Appellants seek interlocutory appeal of this order.

In compliance with Bankruptcy Rule 8003(a)(1), Appellants have provided "a statement of the facts necessary to an understanding of the questions to be presented by the appeal." The Court repeats those facts, undisputed by the Co-Trustee, here:

> The gravamen of the Trustee's claim, which seeks compensatory damages in the sum of the claims asserted by the creditors, is that defendant George Papantoniou, a/k/a/ George Pappas, along with other defendants including the Appellants "engaged in fraud and conspiracy to commit fraud and other wrongful acts in order to artificially prolong the life of Monahan Ford . . . so that each of the defendants could exploit the Debtor to serve their own interests." Amended Complaint, ¶¶ 1, 114. Since the Amended Complaint repeatedly asserts Pappas' central role in the fraud and his subsequent looting of the Debtor, (see, e.g., Amended Complaint, ¶¶ 72-78, "Pappas Loots and Mismanages

---

[2] "Under the Wagoner rule, a trustee lacks standing to seek recovery against third parties on behalf of a corporate debtor for defrauding the corporation with the cooperation of debtor's management." In re Monahan Ford, 340 B.R. at 22.

4

> the Debtor") the Trustee lacks standing to sue third-parties such as Appellants if Pappas' wrongdoing or knowledge are imputed to the Trustee. The Amended Complaint as well as the Trustee's admissions in numerous related proceedings individually and collectively compel the conclusion as a mater of law that the Trustee lacks standing to maintain this adversary proceeding, since under New York law "[a] claim against a third-party for defrauding a corporation with the cooperation of management accrues to creditors, not the guilty corporation." Shearson Lehman Hutton, Inv. v. Wagonor, 944 F.2d 144, 120 (2d Cir. 1991).
>
> In early 2001, defendant Ford Motor Company ("Ford") allegedly coerced Micaela Monahan to sell a controlling interest in the debtor, Monahan Ford Corporation of Flushing, to Pappas. According to the Trustee, in May 2001, when Pappas acquired a 51% [interest] in Monahan Ford from Micaela Monahan and was installed as its President and General Manager, *he assumed full control and authority for its operating management*. See Richard J. McCord, Esq. As Chapter 7 Trustee of the Estate of Monahan Ford Corporation of Flushing v. George Papantonious a/k/a George Pappas et al, United States Bankruptcy Court for the Eastern District of New York, Ad. Proc. No. 03-1653-608; Amended Complaint, ¶ 17 (Herzog Affidavit, Exhibit 4); Affidavit of Richard J. McCord, Esq. In Support of Trustee's Application By Order to Show Cause (for attachment) dated November 12, 2003, ¶ 8 (Herzog Affidavit, Exhibit 5); Reply in Further Support of Trustee's Motion by Order to Show Cause dated November 24, 2003, ¶ 7 (Herzog Affidavit, Exhibit 6). In this proceeding the Trustee has expressly acknowledged that following Pappas' assumption of control and authority of Monahan Ford it lacked any "independent management" who could have stopped the wrongful conduct the Trustee now seeks to hold Appellants and other third-parties responsible for. Amended Complaint, ¶¶ 117, 217. (Herzog Affidavit, Exhibit 3).

(Appellants' Mem. Law in Supp. Mot. Leave to Appeal at 1-2 (emphasis in original; internal footnote omitted).)

III. <u>Standard of Review</u>

It is settled law that district courts use the standards set forth in 28 U.S.C. § 1292(b), the statute governing interlocutory appeals to courts of appeal, when determining whether to grant appeal from interlocutory orders of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(3). See <u>In re Pappas</u>, 207 B.R. 379, 381 (2d Cir. B.A.P. 1997); <u>In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.</u>, No. 99-CV-6640 (ILG), 1999 WL 1487599, *1 (E.D.N.Y. 1999); <u>In re Adelphia Commc'ns Corp.</u>, 333 B.R. 649, 658 (S.D.N.Y. 2005). For interlocutory appeal to be warranted, three elements must be present: (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A motion for leave to appeal an interlocutory order of a bankruptcy court will be granted only when <u>all</u> of the requirements set forth in 28 U.S.C. § 1292(b) are satisfied." <u>In re Kliegl Bros.</u>, 1999 WL 1487599, at *1 (citing <u>In re Pappas</u>, 207 B.R. at 381) (emphasis added); see also <u>Primavera Familienstifung v. Askin</u>, 139 F. Supp. 2d 567, 573 (S.D.N.Y. 2001) ("§ 1292(b) requires that each of the three criteria be satisfied"). Further, "[s]ince the statute was enacted . . . the Second Circuit has repeatedly emphasized that a district court is to 'exercise great care in making a § 1292(b) certification.'" <u>Id.</u> at 570 (quoting <u>Westwood Pharms., Inc. v. Nat'l Fuel Gas Dist. Corp.</u>, 964 F.2d 85, 89 (2d Cir. 1992); further citation omitted). Therefore, "[c]ertification is only warranted in 'exceptional cases,' where early appellate review 'might avoid protracted and expensive litigation.'" <u>Id.</u> (quoting <u>Telectronics Proprietary, Ltd. v. Medtronic, Inc.</u>, 690 F. Supp. 170, 172 (S.D.N.Y. 1987); further citation omitted); see also <u>Klinghoffer v. S.N.C. Achille Lauro</u>, 921 F.2d 2125 (2d Cir. 1990) (instructing that in making a §

6

1292(b) certification "it continues to be true that only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); brackets in Klinghoffer)).

IV. The Instant Case

A. *Controlling Question of Law*

The 'question of law' prong requires the presentation of a "'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record." In re Worldcom,Inc., No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (quoting Ahrenholz v. Bd. of Trs. of Univ. of Illinois, 219 F.3d 674, 676-77 (7th Cir.) 2000) ("'a question of law' means an abstract legal issue")). Here, the controlling question of law is whether the Co-Trustee has standing to sue the Appellants (and others) for various fraud claims. Since this is a pure question of law, the Court does not have to review the record to make this determination. Therefore, Appellants satisfy the first prong of the § 1292(b) inquiry.

B. *Substantial Ground for Difference of Opinion*

The "'substantial ground for difference of opinion' must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order." In re Adelphia, 333 B.R. at 658 (citing In re Worldcom,Inc., No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). "Substantial ground would exist if the issue is 'difficult and of first impression.'" Id. (quoting Klinghoffer, 921 F.2d at 25). Appellants cannot satisfy this second requirement of § 1292(b).

7

The issue of the Co-Trustee's standing is neither difficult nor or first impression. Indeed, the Second Circuit has recently reiterated the applicable legal standard regarding a trustee's standing. See Bankr. Serv., Inc. v. Ernst & Young, et al. (In re CBI Holding Company, Inc.), 529 F.3d 432 (2d Cir. June 16, 2008). And, in making their arguments for and against interlocutory appeal, both the Appellants and the Co-Trustee raise the applicable Wagoner rule, its exception, the so-called "adverse interest" exception, and, the "sole actor" rule, which is the exception to the exception.

The Wagoner rule states:

> "[a] claim against a third party for defrauding a corporation with the cooperation of management accrues to creditors, not to the guilty corporation." Because a bankruptcy "trustee stands in the shoes of the bankruptcy corporation" and can maintain only those actions that the debtors could have brought prior to the bankruptcy proceedings, "when a bankruptcy corporation has joined with a third party in defrauding its creditors, the trustee cannot recover against the third for the damage."

Id. at 447 (quoting Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 120, 118 (2d Cir. 1991)).

Under the "adverse interest" exception to the Wagoner rule, "'management misconduct will not be imputed to the corporation if the officer acted entirely in his own interests and adversely to the interests of the corporation.'" Id. at 448 (quoting Wright v. BankAmerica Corp., 219 F.3d 79, 86 (2d Cir. 2000)). However, "the guilty manager 'must have totally abandoned' his corporation's interests", making the exception a "narrow one". Id. (quoting Center v. Hampton Affiliates, Inc., 66 N.Y.2d 782, 784-85 (1985)).

The "sole actor" rule is the exception to the exception. It "imputes the agent's knowledge to the principal notwithstanding the agent's self-dealing because the party that should have been informed was the agent itself albeit in its capacity as principal." Id. at 453 n.9 (quoting Mediators, Inc. v. Manney (In re Mediators, Inc.), 105 F.3d 822, 827 (2d Cir. 1997)). This rule applies "where the principal and agent are one and the same or, in the corporate context, where the principal is a corporation and the agent is its sole shareholder.'" Id. (internal quotations omitted).

It is clear that the bankruptcy judge employed the correct legal standard. See, e.g., In re Monahan Ford, 340 B.R. at 22-26 (determining standing by applying the applicable law in the context of a motion to dismiss). Similarly, the issue of whether the Co-Trustee has standing is neither difficult nor or first impression. See, e.g., In re CBI Holding Company, Inc., 529 F.3d at 447-48 (outlining applicable law and citing prior circuit law in support thereof). The Appellants dispute the bankruptcy judge's application of the law to the facts. Cf. id. at 449 (determining whether "adverse interest" exception was applicable was "a matter of fact", not law). This does not warrant interlocutory appeal. See, e.g., H & C Dev. Group, Inc. v. First Vermont Bank and Trust Co. (In re Miner), 222 B.R. 199, 203 (2d Cir. B.A.P. 1998).

C. *Immediate Appeal Materially Advances Ultimate Termination of Litigation*

Appellants argue that, "[s]ince [Appellants'] motion [to dismiss] addressed the threshold issue of standing, both the first and third prongs of the § 1292(b) test are satisfied." (Appellants' Mem. Law in Supp. Mot. Leave to Appeal at 4 (citing In re Barry, 1998 U.S. Dist. LEXIS 19381, *6 (E.D.N.Y. 1998); further citation omitted).) However, Appellants' failure to satisfy the second prong of the § 1292(b) analysis obviates the necessity of considering the validity of this

argument. See Primavera, 139 F. Supp. 2d at 573 ("§ 1292(b) requires that each of the three criteria be satisfied").

D.    *Exceptional Circumstances*

Appellants fail to address this component of the § 1292(b) analysis. However, since Appellants have not satisfied all three components of § 1292(b), the existence of exceptional circumstances need not be determined. See, e.g., Klinghoffer, 921 F.2d at 25.


V.    Conclusion

Appellants have failed to satisfy all three requirements of 28 U.S.C. § 1292(b). Therefore, Appellants' Motion for Leave to Appeal is DENIED.

The Clerk of Court is directed (1) to consolidate case number 05-cv-925 with this case, and then (2) close this case.

**SO ORDERED.**


　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ *Sandra J. Feuerstein*_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge


Dated: July 18, 2008
　　　　Central Islip, New York